UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK HILLS,

    Petitioner,                                                   Case No. 2:17-cv-12300

v.                                                          HONORABLE STEPHEN J. MURPHY, III

TIM DONNELLON,

    Respondent.
                                   /

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

    Petitioner Derrick Hills has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hills is in the custody of the St. Clair County Jail. He claims that he was transferred from federal custody to the St. Clair County Jail without adequate procedural protections and that the authorities of the St. Clair County Jail lack the jurisdiction to incarcerate him. He seeks immediate release. Because Hills has not exhausted his state court remedies for these claims, the Court will dismiss the petition without prejudice.

**DISCUSSION**

    Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 Cases may be applied

at the discretion of the district court judge to petitions not filed under § 2254. See Rule 1(b), Rules Governing Section 2254 Cases.

Hills challenges his current confinement in the St. Clair County Jail, where he apparently faces state court criminal charges. Title 28 U.S.C. § 2241 confers upon federal courts jurisdiction to consider pretrial habeas corpus petitions. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). But "courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* Abstention from intrusion into state court proceedings is justified by the doctrine of comity, which reduces friction between state and federal court systems by providing state courts the opportunity to correct a constitutional violation in the first instance. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Id.* State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Hills's claims may be resolved in the pending state court proceeding or on appeal. Thus, he must await resolution of his claims on state court appeal before he can file a habeas corpus petition. *Accord Campbell v. Zych*, No. 08-14804, 2009 WL 377081, *2 (E.D. Mich. Feb. 11, 2009) (summarily dismissing habeas petition filed by pretrial detainee where claims had not been exhausted); *Jenkins v. Montgomery Cty Jail*, 641 F. Supp. 148

(M.D. Tenn. 1986) (dismissing habeas petition alleging due process violations where petitioner failed to provide state courts with initial opportunity to pass upon claims).

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency." *Urquhart v. Brown*, 205 U.S. 179, 182 (1907); *Smith v. Evans*, No. 08-11188, 2008 WL 880007, *2 (E.D. Mich. March 31, 2008). Hills has failed to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court. His claims are unexhausted and thus do not present grounds upon which this Court may grant habeas relief at this time.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**, and a certificate of appealability is **DENIED** under 28 U.S.C. § 2253(c)(2), because reasonable jurists would neither debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 10, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 10, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager